**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAFAEL QUIROZ, aka Rafa,

Defendant - Appellant.

No.    15-17137

D.C. No.
1:13-cv-00319-AWI

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California, Fresno
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted December 6, 2017
San Francisco, California

Before:  GRABER and N.R. SMITH, Circuit Judges, and ZIPPS[**] District Judge.

Appellant Rafael Quiroz appeals the district court's denial of his motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Quiroz asserts

that the district court erred in dismissing his freestanding actual innocence claim,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

and erred in denying his request for an evidentiary hearing. We have jurisdiction under 28 U.S.C. § 1291 and § 2253(a), and we affirm.

1. The district court did not err in dismissing Quiroz's actual innocence claim. Neither this circuit nor the Supreme Court has recognized freestanding actual innocence claims as legally cognizable. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014). Even if an actual innocence claim is a cognizable claim, and assuming that such a claim can be made by showing (by a preponderance of the evidence) that a reasonable jury probably would not have convicted Appellant in light of the new evidence, Quiroz's new evidence fails to meet even this most lenient potentially applicable standard.

Neither the declaration of Quiroz's brother, Roberto, nor Plancarte's alleged recantation is reliable evidence that would undermine the jury's finding of guilt. Roberto's assertions that he was solely responsible for the methamphetamine operations and that Quiroz resided in Mexico during those operations are not credible in light of the trial record. Roberto's claims are contradicted by Quiroz's own trial testimony, the testimony of other witnesses, and the documentary evidence, including bank, real-property, and currency-exchange records. Notably, Roberto's declaration fails to demonstrate that he knew of Quiroz's activities and

2

whereabouts during the relevant time period.

In addition, many of Roberto's statements do not constitute new evidence. The government already knew that Roberto was using Quiroz's identification, and the government identified those instances at trial, carefully distinguishing between instances in which Quiroz used his own identification and those in which Roberto used a false identification in Quiroz's name.

For the many reasons cited by the district court, we agree that Plancarte's alleged recantation also lacks reliability. Moreover, there is no reliable evidence that Plancarte has recanted. Rather, Quiroz's attorney has submitted a declaration detailing statements Plancarte allegedly made to an unidentified relative.

2. Finally, because Quiroz's new evidence either was not new or was unreliable, the district court did not abuse its discretion in denying Quiroz's request for an evidentiary hearing.

**AFFIRMED.**